32584. FREDERICK MAY & CO. INC. *v.* B. KARPF INC.

DECIDED SEPTEMBER 10, 1949.

*Alexander & Wells, Edward A. Dutton,* for plaintiff.

*Benjamin Silverman, Gazan, Walsh & Bernstein,* for defendant.

SUTTON, C. J. Frederick May and Company Incorporated sued Benjamin Karpf and B. Karpf Incorporated, in the City Court of Savannah, for a commission allegedly earned in negotiating the sale of a business. In the petition it is alleged, among other things: that Benjamin Karpf, the president of B. Karpf Incorporated, represented to the plaintiff that he desired to sell his business known as B. Karpf Incorporated, and agreed to pay the plaintiff a commission of 10% on the first $50,000 of the sale, and 5% on all amounts in excess thereof; that he represented to the plaintiff that he would be able to furnish the purchaser with an assignment of his lease on the premises at 107 West Broughton Street, upon the same terms and conditions as were contained in said lease, and that he felt sure he would be able to secure an

extension of said lease upon the same terms and conditions for a period of several years if the purchaser desired such an extension; that the plaintiff then secured a purchaser, Frank Schmandt, of New York, who was ready, able, and willing to purchase said business upon the terms and for the price agreed upon by Schmandt and Karpf, but that it developed that Karpf was unable to carry out his promise to procure an assignment of said lease upon its terms and conditions for the remainder of the terms of said lease, but the landlord required an increase in the amount of rent as a condition precedent to his consenting to said assignment; that Schmandt was unwilling to agree to said increased rent, but did offer to purchase on other terms and conditions, which, however, were not accepted by the defendant; that Schmandt agreed to purchase the business for $119,000, but that the sale was not completed because Karpf was unable to procure said assignment of the lease which he had represented to the plaintiff that he was able to do; and that by reason of the foregoing facts the plaintiff had earned a commission of $8450, for which judgment is sought. The plaintiff voluntarily dismissed the petition as to Benjamin Karpf individually; the trial judge sustained the general demurrer of B. Karpf Incorporated, and dismissed the petition, and the plaintiff excepted.

Code § 4-213 provides that "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." The alleged statements made by Karpf in respect to securing an assignment of the lease on the same terms, and securing an extension of the lease, were only statements of opinion which appear to have been made as an inducement to secure an offer to buy the business; and it appears that, when these statements of opinon were disproved in fact by the refusal of the landlord to consent to an assignment of the lease upon the same terms and conditions, the prospective purchaser did not make an offer to buy on whatever terms were stipulated by Karpf. In other words, the petition only shows negotiations which never culminated in an offer to buy according to the terms stipulated by the owner. A cause of action is not alleged because it does not appear that a purchaser was procured who actually offered to buy on the terms stipulated by

the owner; and, accordingly, the trial judge did not err in sustaining the general demurrer to the petition and in dismissing the action. Since the ruling of the judge is controlled as indicated above, a consideration of whether or not the petition is deficient in other respects, as contended by the defendant, is unnecessary. We have read and considered the authorities cited by the plaintiff in error, but, under the facts alleged in the petition, they do not authorize or require a ruling in this case different from the one here made.

*Judgment affirmed. Felton and Worrill, JJ., concur.*